UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **James E. Huntley**, <br><br> Plaintiff, <br><br> v. <br><br> **Tyrex Ore & Minerals Company**, <br> **Maurice Hoo** <br><br> Defendants. | Cause No. 1:20-cv-3235 |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Jim Huntley is suing Tyrex Ore & Minerals Company and Maurice Hoo for breach of contract, failure to pay wages under the Indiana Wage Payment Statute, Ind. Code § 22-2-5-1 *et seq.* and failure to pay minimum wage as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* This lawsuit is filed in the Southern District of Indiana because Mr. Huntley resides in the District and the Defendants conducted business in the District. This Court has subject-matter jurisdiction over Mr. Huntley's FLSA claim under 28 U.S.C. § 1331 and supplemental jurisdiction over Mr. Huntley's Indiana claims under 28 U.S.C. § 1367. Mr. Huntley seeks all available legal and equitable relief and respectfully requests a trial by jury.

Respectfully submitted,

*/s/ Benjamin C. Ellis*
Benjamin C. Ellis
HKM Employment Attorneys LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F    |   (317) 824-9747
Email  |   bellis@hkm.com

## 1.  INTRODUCTION

Jim Huntley has been the Chief Operating Officer of Tyrex, a mineral and ore mining company, since June 2020. Under his written employment contract, Tyrex was to pay a monthly salary beginning on August 10, and to provide other remuneration, including bonuses and stock options. As of the date of this filing, Tyrex has missed all five of Mr. Huntley's wage payments – in August, September, October, November, and December. Maurice Hoo, Tyrex's Chief Executive Officer has made (and broken) numerous promises of payment to induce Mr. Huntley to continue working for Tyrex; he is personally responsible for its failures to pay Mr. Huntley.

Mr. Huntley now seeks all available relief for Tyrex and Hoo's breach of contract, and violations of the Indiana Wage Payment Statute and the Fair Labor Standards Act

## 2.  JURISDICTION & VENUE

1. This Court has original jurisdiction, under 28 U.S.C. §§ 1331, of Mr. Huntley's claim for violation of the FLSA because it arises under the laws of the United States.

2. This Court further has original jurisdiction, under 28 U.S.C. §§ 1367, of Mr. Huntley's Indiana claims for breach of contract and violation of Indiana Wage Payment Statute because they are so related to his claim for violation of the FLSA that they form part of the same case or controversy.

3. Even in the absence of a federal claim, this Court would have original jurisdiction of Mr. Huntley's Indiana claims under 28 U.S.C. § 1332 because (**1**) he is a citizen of Indiana while Tyrex is a Delaware corporation and Hoo is a Florida citizen, and (**2**) the matter in controversy exceeds $75,000 exclusive of interest and costs.

4. This Court is a proper venue for this lawsuit, under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Indiana.

### 3. PARTIES

#### 3.1. Plaintiff

5. Plaintiff James E. Huntley resides in Hamilton County, Indiana.

#### 3.2. Defendants

6. Defendant Tyrex Ore & Minerals Company was, at all relevant times, a Delaware corporation (Business ID No. 6754171) with its principal place of business being Miami-Dade County, Florida.

7. Defendant Maurice Hoo resides in Miami-Dade County, Florida.

### 4. STATEMENT OF FACTS

8. Mr. Huntley joined Tyrex as its Chief Operating Officer in June 2020 and executed a written *Employment Agreement* on June 25, 2020. (Ex. 1 at 4.)

9. Hoo counter-signed the *Executive Agreement*, on behalf of TYREX, on June 26, 2020.

10. During his employment with TYREX, Mr. Huntley worked remotely from his home in Hamilton County, Indiana.

11. Mr. Huntley has fulfilled all his obligations under the *Employment Agreement*. *See* (Ex. 1 at 1, § 2) (setting forth the COO duties and responsibilities).

12. TYREX has never claimed that Mr. Huntley failed to fulfill any obligation under the *Employment Agreement*.

13. The *Employment Agreement* required TYREX to pay Mr. Huntley an initial annual salary of $80,000. (Ex. 1 at 2, § 3.a.)

14. The *Employment Agreement* provides that Mr. Huntley's salary automatically increases to $120,000 "after 4-6 months from the date of this contract [June 25, 2020]," and to $150,000 "after 12 months. . . ." (Ex. 1 at 2, § 3.a.)

15. Mr. Huntley's salary increases could also be accelerated by the "closing of any triggering event" set forth in Exhibit A to the *Employment Agreement*. (Ex. 1 at 2, § 3.a.) *See also* (Ex. 1 at 5) (Exhibit A)

16. One such triggering event occurred on August 10, 2020, when TYREX formally engaged CISDI. *See* (Ex. 1 at 5.)

17. Another such triggering event would have occurred on June 18, 2020, but for Hoo's bad faith negotiations with China Rail.

18. As a result of Hoo's conduct, China Rail now refuses to work

with TYREX.

19. And because Mr. Huntley's salary is "[a]nnually indexed @ 5.00% Compounded through Year 3," it automatically increases to $157,500 on June 25, 2022, and to $165,375 on June 25, 2023. (Ex. 1 at 2, § 3.a.)

20. Payment of Mr. Huntley's salary is to be made on monthly basis, beginning on August 10, 2020. (Ex. 1 at 2, § 3.a)

21. As of December 10, 2020, TYREX owes Mr. Huntley $59,422.98 in unpaid wages.

22. TYREX has not made any wage payments to Mr. Huntley.

23. The *Employment Agreement* also provides that Mr. Huntley "shall receive additional profit-sharing benefits introduced at the commencement of this Employment Agreement." (Ex. 1 at 2 § 4.)

24. To that end, Hoo told Mr. Huntley in an August 14, 2020 email that he would receive a $50,000 bonus relating to the August 10 engagement of CISDI. (Ex. 2.)

25. As of the date of this filing, TYREX has not made payment of Mr. Huntley's $50,000 bonus.

26. The *Employment Agreement* further provides that TYREX must provide Mr. Huntley with health insurance and $1M in life insurance payable to his estate beginning on September 23, 2020.

27. TYREX has not provided Mr. Huntley with either of these insurance benefits.

28. As of the date of this filing, TYREX owes Mr. Huntley more than $100,000 in unpaid wages, bonuses, and other benefits.

29. Hoo has been personally involved in all of TYREX's failures to pay Mr. Huntley for his work.

## 5. STATEMENT OF CLAIMS

### 5.1. Breach of contract

30. Mr. Huntley and TYREX entered an employment contract;

31. Mr. Huntley performed his part of the contract;

32. TYREX failed to perform its part of the contract;

33. TYREX's breach of contract damaged Mr. Huntley;

34. The parties reasonably anticipated those damages when they entered the contract; and

35. TYREX's breach of contract was a responsible cause of those damages.

### 5.2. Failure to pay wages in violation of the Indiana Wage Payment Statute, I.C. § 22-2-5-1, *et seq.*

36. Mr. Huntley was employed by TYREX at an annual salary beginning at $80,000 in June 2020;

37. On or before the end of August 2020, Mr. Huntley's annual salary increased to $150,000;

38. Mr. Huntley's wages were to be paid on the tenth of each month, beginning on August 10, 2020;

39. TYREX has refused to pay Mr. Huntley any of his due and owing wages;

40. TYREX acted in bad faith in its refusal to pay Mr. Huntley his due and owing wages; and

41. Mr. Huntley's unpaid wages through the date of this filing are $59,422.98 and continue to accrue in the amount of $12,500 per month.

## 5.3. Failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

42. Defendants employed Mr. Huntley from January 2, 2020 through October 16, 2020;

43. Mr. Huntley's work was engaged in commerce;

44. Defendant's business employed at least two persons, was engaged in commerce, and had annual gross sales of at least $500,000; and

45. Defendants failed to pay Mr. Huntley minimum wage as required by law.

## 6. PRAYER FOR RELIEF

Mr. Huntley respectfully requests that judgment be entered in his favor, and against TYREX and Maurice Hoo on all claims, for their violations of Indiana common law, the INDIANA WAGE CLAIMS STATUTE, Ind. Code § 22-2-5-1, *et seq.*, and the FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.* He requests all available relief on his claims, including the following:

a. Back pay (including unpaid bonuses and benefits);

b. Front pay or lost future earnings;

c. Equitable relief (including vesting stock options)

d. Punitive damages;

e. Liquidated damages;

f. Attorney fees and costs; and

g. Prejudgment and postjudgment interest.

## 7. JURY DEMAND

As required by Fed. R. Civ. P. 38(b), Mr. Huntley respectfully requests a trial by jury on all issues so triable.