UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. HUNTLEY, | ) |
|           Plaintiff, | ) |
|      v. | ) No. 1:20-cv-03235-JRS-MJD |
| TYREX ORE & MINERALS COMPANY and MAURICE HOO, | ) |
|           Defendants. | ) |

**Order for Default Judgment**

Defendants Tyrex Ore & Minerals Company ("Tyrex") and Maurice Hoo have failed to plead or otherwise defend in this action despite having been properly served with process. The Court has subject matter jurisdiction under the Fair Labor Standards Act ("FLSA") over this action brought to recover unpaid minimum wages. 29 U.S.C. §§ 216, 260. Additionally, the Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is not a citizen of the same state as either Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Compl. ¶ 3, ECF No. 1.) The Court has personal jurisdiction over Defendants because they purposely availed themselves of Indiana laws and established sufficient minimum contacts by employing Plaintiff who worked remotely while living in Indiana. (*Id.* at ¶¶ 8–10.) The Clerk entered Defendants' default on August 6, 2021. (ECF No. 12.) Based on the entry of default, all well-pleaded allegations of the

Complaint relating to liability are accepted as true. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994).

## Liability

Plaintiffs have moved for default judgment against Defendants. (Pl.'s Mot. Default J., ECF No. 16.) Defendants were properly served with the Motion. (*Id.* at 5.) No response to the Motion has been filed, and the time for responding has expired. S.D. Ind. L.R. 7-1(c). Taken as true, the allegations in the Complaint establish the liability of Defendants for breaching the employment contract. *See Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007) ("To recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach."). Any argument that could have been made by Defendants for application of another state's substantive law has been waived by virtue of default. Therefore, the Court must determine damages. Fed. R. Civ. P. 55(b).

## Damages

Although the Court must accept the allegations of a complaint relating to liability as true, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citation omitted). Accordingly, a hearing will be required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citation omitted).

1. <u>Damages for Breach of Contract</u>

Plaintiff alleges that Defendants breached a signed term employment contract with Plaintiff. (Compl. ¶¶ 30–35, ECF No. 1.) Plaintiff's Motion for Default Judgment, (ECF No. 16), is supported by a declaration from Plaintiff showing that he is owed (or will be owed) the following salaries based on the agreed upon *Employment Agreement*: (1) $40,000 from 6/25/2020 to 12/25/2020, (2) $60,000 from 12/25/2020 to 6/25/2021, (3) $150,000 from 6/25/2021 to 6/25/2022, and (4) $157,500 from 6/25/2022 to 6/25/2023, for a combined total of $407,500. (Pl.'s Decl., ECF No. 16-1.) Plaintiff's declaration includes a signed copy of the *Employment Agreement* that further supports these allegations. (Pl.'s Decl. Ex. 1, ECF No. 16-1.) However, Plaintiff is not entitled to *future* wages (i.e., wages to be earned after this Motion's filing date of January 31, 2022) because Plaintiff has not yet been discharged from employment. (Pl.'s Decl. ¶ 1, ECF No. 16-1.) "A term employment contract is enforceable, and the measure of damages for breach, generally, is the contract price for the unexpired term . . . since *the discharge*." *Pepsi-Cola Gen. Bottlers, Inc. v. Woods*, 440 N.E.2d 696, 699 (Ind. Ct. App. 1982) (emphasis added). Had Plaintiff been terminated from employment, he could have been entitled to the entire contract price. However, because Plaintiff has not been terminated, Plaintiff is not entitled to the future wages to be owed from February 1, 2022, until June 25, 2023. Instead, Plaintiff can only recover the wages owed to him as of the filing date of this Motion. Adjusted accordingly, Plaintiff is thus owed $187,500 (the unpaid salary owed from June 25, 2020, until January 31, 2022).

Plaintiff also alleges that he is owed a $50,000 bonus relating to Defendants' failure to timely pay his salary. (Compl. ¶ 24, ECF No. 1.) This allegation is supported by Plaintiff's declaration as well as evidence of email correspondence between Defendants and Plaintiff regarding the agreement for the bonus. (Pl.'s Decl. Ex. 2, ECF No. 16-1.)

Defendants, a Delaware corporation (Tyrex) and its CEO (Hoo), are not infants or incompetent persons and are not in the United States military service. (Pl.'s Suppl. Decl., ECF No. 18.) The Court finds that Defendants are liable to Plaintiff for the total amount of $237,500 as a result of their breach of contract.

2. Damages under the FLSA

Plaintiff also seeks liquidated damages under the FLSA in an amount equal to total unpaid minimum wages for hours worked. *See* 29 U.S.C. § 216(b). However, the FLSA does not apply to employees working "in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1); *see also Demos v. City of Indianapolis*, 126 F. Supp. 2d 548, 552 (S.D. Ind. 2000) (discussing executive exemption to the FLSA); *Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 370 (7th Cir. 2005) (discussing executive exemption in relation to employees whose work is "directly related to management policies or general business operations").

In this case, by his own declaration, Plaintiff admits he was hired as the Chief Operating Officer for Tyrex. Pl.'s Decl. ¶ 1, ECF No. 16-1.) It is true that Plaintiff has not been paid by Tyrex at all; however, Plaintiff is seeking his unpaid salary via his breach of contract claim. Plaintiff has cited no authority that would suggest he is

4

entitled to his unpaid salary *and* his claimed damages under the FLSA. As the COO of Tyrex, Plaintiff serves as an executive employee and would be exempted by the FLSA. Plaintiff is **ordered** to show cause by **October 12, 2022**, in writing, as to why the executive exemption under the FLSA does not apply to him.[1]

3. <u>Damages under the Indiana Wage Payment Statute</u>

In addition to unpaid wages, Plaintiff can recover liquidated damages from Defendants under the Indiana Wage Payment Statute. Under this statute, if an employer did not act in good faith, a plaintiff is entitled to liquidated damages equal to two times the amount of wages due. Ind. Code § 22-2-5-2. These liquidated damages are *in addition to* the wages originally owed. *Stampco Constr. Co. v. Guffey*, 572 N.E.2d 510, 514 (Ind. Ct. App. 1991).

Plaintiff's employment with Defendants has never been terminated. (Pl.'s Decl. ¶ 1, ECF No. 16-1.) The wages due to Plaintiff as of this Motion's filing date (January 31, 2022) total $187,500. Defendants' failure to compensate Plaintiff at all as well as their failure to appear before the Court constitute bad faith. *See Poff v. Quick Pick, LLC*, No. 2:15-cv-00405-LJM-MJD, 2017 WL 1509313, at *2 (S.D. Ind. Apr. 27, 2017). By doubling the above total in accordance with the Indiana Wage Payment Statute,

---

[1] Plaintiff should note that he cannot double recover for the same underlying wrong under both the FLSA and the Indiana Wage Payment Statute. Rather, courts will award a plaintiff the higher of the two amounts. *See Villanueva v. Falcon Const. Co.*, No. 2:09-CV-107-PPS-PRC, 2010 WL 1577277, at *5 (N.D. Ind. Apr. 14, 2020) ("Because [Plaintiff] seeks relief under IC § 22-2-5-2 and the FLSA for the same underlying wrong, the Court must ensure that she does not receive a double recovery."). Thus, unless Plaintiff believes he is entitled to a higher sum under the FLSA, he should waive any arguments as to its application.

5

the Court finds that Plaintiff is entitled to $375,000 in liquidated damages from Defendants.

4. Attorney's Fees and Costs

Plaintiff is entitled to attorney's fees and costs under the Indiana Wage Payment Statute. Ind. Code 22-2-5-2. Plaintiff has not yet filed an affidavit or provided other evidence verifying the hours worked on this case by his attorneys nor has Plaintiff provided a sum for the costs sought to be recovered. Plaintiff shall have **fourteen days** after the entry of judgment within which to file a motion for attorney's fees and costs.

5. Damages for Other Compensation and Benefits

The value of other compensation and benefits (e.g., the life insurance policy, the profit-sharing benefits, and the stock options) owed to Plaintiff under the *Employment Agreement* are not readily calculable. Accordingly, a hearing is set for **November 22, 2022, at 1:00 PM (ET)** in Room 307, United States Courthouse, 46 E. Ohio Street, Indianapolis, IN, to determine these damages. *See* Fed. R. Civ. P. 55(b)(2).

## Conclusion

The Court **GRANTS** Plaintiff's Motion for Default Judgment, (ECF No. 16), in part, as to the readily calculable breach of contract damages and the Indiana Wage Payment Statute liquidated damages discussed in the order, totaling $612,500. Plaintiff is ordered to show cause by **October 12, 2022**, in writing, as to why the executive exemption for the FLSA does not apply to him (if he chooses not to waive

6

this argument), and if it does not apply, then also show cause why he would be entitled to recover lost wages under the contract as well as damages under the FLSA. Plaintiff shall have **fourteen days** after the entry of judgment within which to file a motion for attorney's fees and costs.  A hearing is set for **November 22, 2022, at 1:00 PM (ET)** in Room 307, United States Courthouse, 46 E. Ohio Street, Indianapolis, IN, to determine the remaining damages.  A final judgment will be entered after all damages have been determined.

    **SO ORDERED.**

Date: 09/26/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered counsel of record via CM/ECF.