UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. HUNTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-03235-JRS-MJD |
| | ) |
| TYREX ORE & MINERALS COMPANY | ) |
| Clerk's Entry of Default entered on | ) |
| 08/06/2021, | ) |
| MAURICE HOO Clerk's Entry of Default | ) |
| entered on 08/06/2021, | ) |
| | ) |
| Defendants. | ) |

**Order**

I. **Background**

This is a breach of contract and unpaid wages case. Plaintiff, James Huntley, brought this action against his employer, Tyrex Ore & Minerals Company, and its CEO, Maurice Hoo. Plaintiff had entered into an employment contract with Defendants ("the Employment Agreement") to serve as the Chief Operating Officer of Tyrex, but he was never compensated for any of his work. (*See* ECF No. 16-1.) Against Tyrex alone, Plaintiff asserted two claims: (1) a breach of contract claim and (2) a failure to pay wages claim under the Indiana Wage Payment Statute, Ind. Code § 22-2-5-1 *et seq*. (ECF No. 1 at 6.) Against both Tyrex and Hoo, Plaintiff alleged that Defendants were jointly and severally liable for failure to pay a minimum wage under the Fair Labor Standards Act ("FLSA"). (*Id*. at 7.)

Defendants never appeared in this case, and following proper procedural steps taken by Plaintiff, the Court awarded him a default judgment. (ECF No. 19.) In the

Order for Default Judgment, the Court awarded Plaintiff $237,500 against Tyrex for breach of contract.  (*Id.* at 4.)  The Court awarded Plaintiff an additional $375,000 against Tyrex in the form of liquidated damages under the Indiana Wage Payment Statute.  (*Id.* at 5–6.)  Finally, the Court set an evidentiary hearing for November 22, 2022, to determine the value of other damages that were not readily calculable (namely, the benefits designated in the contract including a life insurance policy, profit-sharing benefits, and stock options).  (*Id.* at 6.)

At the evidentiary hearing, the Court raised a choice of law issue as to the liquidated damages award under the Indiana Wage Payment Statute.  Specifically, the Court noted that the choice of law provision in the contract between Plaintiff and Defendants stated that the agreement "shall be governed by the laws of the State of Florida." (ECF No. 16-1 at 5.)  Accordingly, the Court asked Plaintiff to show cause as to why the $375,000 award originally given under the Indiana Wage Payment statute was warranted.  Further, Plaintiff was ordered to *specifically* show the value of the life insurance policy and the profit shares that he claims he is owed because the evidence provided at the hearing was insufficient.  On March 24, 2023, Plaintiff filed a supplemental brief addressing the Court's concerns.

**II.  Discussion**

In his brief, Plaintiff concedes that he no longer seeks profit-sharing or life insurance damages. (ECF No. 25 at 2.)  Instead, Plaintiff asks the Court for the following: (1) the liquidated damages award under the Indiana Wage Payment Statute; (2) an award compensating Plaintiff for his vacation time (PTO) under the

2

Employment Agreement and the Indiana Wage Payment Statute; and (3) an order of specific performance as to the Tyrex stock options. (*Id.*) The Court addresses each request in turn.

1. <u>Breach of Contract Damages for Unpaid Salary</u>

For organizational purposes, the Court first restates the breach of contract damages awarded to Plaintiff for unpaid salary.[1]

"A term employment contract is enforceable, and the measure of damages for breach, generally, is the contract price for the unexpired term less what the employee has earned, or by reasonable diligence in mitigation of damages[2] could have earned in other employment since the discharge." *Pepsi-Cola Gen. Bottlers, Inc. v. Woods*, 440 N.E.2d 696, 699 (Ind. Ct. App. 1982). An employee is constructively discharged from his employment "when an employer purposefully creates working conditions, which are so intolerable that an employee has no other option but to resign." *Cripe, Inc. v. Clark*, 834 N.E.2d 731, 735 (Ind. Ct. App. 2005); *see also Fischer v. Heymann*, 12 N.E.3d 867, 872 (Ind. 2014) (discussing the options for non-breaching parties

---

[1] Given the Defendants failure to appear and argue otherwise, the Court accepts Plaintiff's assertion that the Employment Agreement is one for a definite term. (*See* ECF No. 16-1 at 4.) *See Ewing v. Bd. of Trs. of Pulaski Mem'l Hosp.*, 486 N.E.2d 1094, 1098 (Ind. Ct. App. 1985) (discussing rules used to determine whether an employment contract is for a definite term); *Harris v. Brewer*, 49 N.E.3d 632, 639–40 (Ind. Ct. App. 2015) (noting that a wrongful discharge breach of contract action only arises if the contract of employment was for a specific duration).

[2] The burden is on the breaching party, here, Defendants, to prove that the non-breaching party has not mitigated its damages. *Four Seasons Mfg., Inc. v. 1001 Coliseum, LLC*, 870 N.E.2d 494, 507 (Ind. Ct. App. 2007). By failing to appear, Defendants have forfeited any mitigation arguments and failed to meet their burden.

which includes treating the contract as terminated and suing to recover appropriate damages).

In this case, while Plaintiff was never expressly terminated from his employment, Plaintiff was *constructively* discharged from his employment when he finally stopped working for Tyrex on December 31, 2020, following six months of working without any compensation (despite Hoo's promises to the contrary). (*See* ECF No. 16-1 at 1–2.) Plaintiff's term Employment Agreement shows that he is owed the following salaries: (1) $40,000 from 6/25/2020 to 12/25/2020, (2) $60,000 from 12/25/2020 to 6/25/2021, (3) $150,000 from 6/25/2021 to 6/25/2022, and (4) $157,500 from 6/25/2022 to 6/25/2023, for a combined total of $407,500. (*Id.* at 4.) Plaintiff also submitted evidence of email correspondence between himself and Defendants that shows the parties agreed on a $50,000 bonus for Plaintiff. (*Id.* at 8.)

In total then, Plaintiff is entitled to $457,500 in breach of contract damages from Tyrex for unpaid salary.[3]

2.  <u>Liquidated Damages Under the Indiana Wage Payment Statute</u>[4]

When the Court first granted default judgment in this case, it also awarded $375,000 in liquidated damages under the Indiana Wage Payment Statute. (ECF No.

---

[3] The Court's original $237,500 award for breach of contract only considered the salary owed to Plaintiff through the date of his Motion for Default Judgment rather than the entirety of the unexpired term of the contract.

[4] Plaintiff was also previously awarded $15,660 against both Defendants jointly and severally under the FLSA (1080 hours worked at a $7.25 minimum wage, doubled to account for liquidated damages under 29 U.S.C. § 216(b)). (*See* ECF No. 24 at 2.) That award still stands. The purpose of the award is to hold Hoo personally liable in the event no recovery is possible from Tyrex. *See Duvall v. Heart of CarDon, LLC*, 611 F. Supp. 3d 607, 631 (S.D. Ind. 2020) (noting that the overwhelming weight of authority holds corporate officers jointly and

4

19 at 5–6; *see also* Ind. Code 22-2-5-2.)  However, because the Court noted the existence of a choice of law provision in the Employment Agreement, (*see* ECF No. 16-1 at 5 (identifying Florida law as the governing law for the contract)), it asked Plaintiff to show cause why he should still be entitled to the liquidated damages he seeks under Indiana law; Plaintiff has now done so.  (*See* ECF No. 25 at 5–6.)

Choice of law is a waivable issue.  *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) ("The choice of law issue may be waived, however, if a party fails to assert it.").  "When no party raises the choice of law issue, the federal court may simply apply the forum state's substantive law." *Id.* (citation omitted); *see also Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019) (stating that choice of law provisions in contracts do not "automatically foreclose the application of a forum state's laws" because "choice of law issues may be waived or forfeited by declining to assert them in litigation").

Here, by virtue of not appearing in this case at all despite proper service, Defendants have forfeited any arguments as to choice of law, and the Court will apply the law of the forum state: Indiana.  However, upon further review of the Indiana Wage Payment Statute, the Court's must adjust the $375,000 liquidated damages award initially given.  (*See* ECF No. 19 at 5–6.)  The Indiana Supreme Court has stated that "[t]he purpose of the [Indiana Wage Payment Statute] is to prevent employers from stealing their employees' wages *and profiting from their labor*." *City of Lawrence Utils. Serv. Bd. v. Curry*, 68 N.E.3d 581, 587 (Ind. 2017) (emphasis

---

severally liable for unpaid wages under the FLSA).  Thus, Hoo is adjudged jointly and severally liable for $15,660 of the total award granted to Plaintiff against Tyrex.

5

added).  Thus, an employee is only entitled to the liquidated damages associated with the unpaid wages for which he *actually worked*.  *See id.* ("It is clear from the record that Curry has not actually been working for the City since he was terminated. Although he claims he has been 'ready, willing and able' to work, these sentiments do not entitle him to wages under the [Wage Payment Statute]."); *see also City of Clinton v. Goldner*, 885 N.E.2d 67, 76 (Ind. Ct. App. 2008) (noting Wage Payment Statute inapplicable during periods where labor or services not rendered); *New Frontiers, Inc. v. Goss*, 580 N.E.2d 310, 312 (Ind. Ct. App. 1991) ("[Statutory penalty under Ind. Code 22-2-5-2] applies only to wages which have already been earned and are due and owing at the time of discharge.").  The liquidated damages portion of Plaintiff's claim thus must be based on the unpaid wages for his *actual labor* and not simply for all of his damages associated with his breach of contract claim.

Plaintiff worked for Tyrex for a total of six months from June 2020 through December 2020, a period where his salary was set at $80,000 per year.  (ECF No. 16-1 at 1–2.)  Plaintiff never received any compensation for this work from Tyrex; the total "unpaid wage" that Plaintiff is entitled to under the Indiana Wage Payment Statute is thus $40,000.  Because Plaintiff is already awarded this $40,000 as a portion of his breach of contract damages, he may not double recover here.  However, he is still entitled to the liquidated damages award provided under the Wage Payment Statute because of Defendants' bad faith.  Namely, Plaintiff is entitled to be paid "an amount equal to two (2) times the amount of wages due the employee."  Ind. Code § 22-2-5-2.  In sum, rather than the $375,000 in liquidated damages originally

awarded by the Court, Plaintiff is entitled to $80,000 (two times the unpaid wage amount of $40,000 that is representative of Plaintiff's *actual labor*).

3. Damages for Unpaid Vacation Time

Plaintiff also asks the Court to supplement his damages award for the vacation time he was entitled to under the Employment Agreement. Specifically, Plaintiff first seeks the value of the nine weeks of vacation he was promised over the course of three years, valued at $21,923.10. (ECF No. 25 at 7.) Additionally, he seeks liquidated damages under the Indiana Wage Payment Statute in the sum of $43,846.20 (double the value of the vacation time). The Court addresses these requests in turn.

As discussed above, the measure of damages for breach of a definite term employment contract is the contract price for the unexpired term. *Woods*, 440 N.E.2d at 699. Additionally, while employers are not required to compensate employees for unused vacation time, if there is no provision in the contract suggesting otherwise, "the default under Indiana law is that an employee who is promised vacation time by his employer is entitled to use that time or *save it for use or payment at a later date*." *Comm'r of Lab. ex rel. Shofstall v. Int'l Union of Painters & Allied Trades AFL-CIO*, 991 N.E.2d 100, 103 (Ind. 2013) (emphasis added).

In this case, Plaintiff is entitled to $21,923.10 in breach of contract damages for the nine weeks of vacation he expected from his employment. Plaintiff's Employment Agreement stated, "[t]he Employee shall be entitled to vacations in the amount of Three weeks per annum. All unused vacation to be fully bankable and not subject to expiration." (ECF No. 16-1 at 4.) There were no other provisions as to vacation time.

7

Therefore, the default rules in Indiana would suggest that Plaintiff is entitled to vacation pay as additional compensation for his employment. At a first-year salary of $80,000, a three-week vacation during Year 1 of the contract's term is worth $4,615.38. At a salary of $150,000 for Years 2 and 3, each three-week vacation is worth $8,653.84. This results in a total value for all nine weeks of $21,923.06. Plaintiff is entitled to this sum as a component of his breach of contract damages as it represents the value of the vacation time to which he was entitled to under the Employment Agreement.

As to Plaintiff's liquidated damages request, it is misguided here for the same reasons as the previous section. It is true, as Plaintiff suggests, that vacation time is recognized as a "wage" under the Indiana Wage Payment Statute. *See Naugle v. Beech Grove City Schs.*, 864 N.E.2d 1058, 1067 (Ind. 2007) (recognizing vacation as a wage under the Wage Payment Statute and stating that "if vacation pay is to be compensated, it is deferred compensation in lieu of wages."); *see also Die & Mold, Inc. v. Western*, 448 N.E.2d 44, 46–47 (Ind. Ct. App. 1983) (noting that "[v]acation pay is in the nature of deferred compensation" and stating that "[a]n agreement to give vacation pay to employees made before they perform their service, and based upon the length of service and time worked is not a gratuity but rather is in the form of compensation for services"). But again, the Indiana Wage Payment Statute only governs wages for labor *actually rendered*. *See Goldner*, 885 N.E.2d at 76. In this case, by working for six months, Plaintiff had only accrued the first three-week vacation. Thus, he is only entitled to the liquidated damages associated with the

8

value of that earned "wage." Because liquidated damages in cases of bad faith such as this one are double the amount owed to the employee, Ind. Code § 22-2-5-2, Plaintiff is entitled to an additional $9,230.76 in liquidated damages (twice the $4,615.38 value of the three-week vacation earned in Year 1 of the Employment Agreement).

In summary, Plaintiff is entitled to recover from Tyrex $21,923.06 in vacation pay for breach of contract and an additional $9,230.76 in liquidated damages under the Wage Payment Statute for vacation accrued as a result of labor rendered.

4. Stock Options

Plaintiff lastly requests that the Court order specific performance of the stock options provision in the Employment Agreement. In this case, specific performance is warranted.

Typically, "specific performance is an equitable remedy, and the power of a court to compel specific performance is an extraordinary power." *Kesler v. Marshall*, 792 N.E.2d 893, 896 (Ind. Ct. App. 2003) (citation omitted). However, Indiana courts readily grant specific performance of stock purchase agreements in situations where the value of the stock is difficult to determine. *See Krukemeier v. Krukemeier Mach. & Tool Co.*, 551 N.E.2d 885, 890 (Ind. Ct. App. 1990) (affirming specific performance of stock repurchasing at "book value" because the stock value could not be determined, the agreement provided for sale of the stock options at said "book value," and injustice would result if specific performance were not granted).

9

Here, Plaintiff's Employment Agreement provided that he was entitled to purchase 100,000 non-dilutable shares at Par Value. (ECF No. 16-1 at 4.) Despite extensive efforts, Plaintiff could not determine the monetary value of these stocks (as Tyrex is not a publicly traded corporation), and Defendants' absence from this case renders a determination via discovery impossible. Because Defendants' liability for breach of contract has already been established, justice requires that the Court grant specific performance of the stock options provision allowing Plaintiff to purchase 100,000 non-dilutable shares at Par Value. What this Par Value is will be for Plaintiff and Defendants to determine at a later time. The Court need go no further here.

### III. Conclusion

For the aforementioned reasons, the Court awards Plaintiff the following:

(1) In breach of contract damages, Plaintiff is entitled to recover from Tyrex $457,500.00 (representing the promised salary for the contract term) plus $21,923.06 (representing the promised vacation for the contract term) for a total of **$479,423.06**.

(2) In liquidated damages under the Indiana Wage Payment Statute for actual labor rendered, Plaintiff is entitled to recover from Tyrex $80,000.00 (representing twice the $40,000 owed in wages) plus $9230.76 (representing twice the vacation pay owed in wages) for a total of **$89,230.76**.

(3) Of the total monetary award ($568,653.82) discussed in (1) and (2), Maurice Hoo is jointly and severally liable for **$15,660.00** under the FLSA.

(4) The Court orders specific performance of the stock option provision in the Employment Agreement, (ECF No. 16-1 at 4), allowing Plaintiff to purchase up to 100,000 non-dilutable shares of stock at Par Value.

The awards listed above are exclusive and supersede all previous Orders of this Court. The Clerk **shall** enter default judgment accordingly.

**SO ORDERED.**

Date: 06/06/2023

*[signature]*
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered counsel of record by CM/ECF.

11